FILED
JUL 0 5 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Zon Doolin,<br><br>    Petitioner,<br><br>  vs.<br><br>Robert L. Ayers, Jr., As Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. CIV. F-06-0825 AWI<br><br>DEATH PENALTY CASE<br><br>ORDER DISMISSING PETITION |

This matter is before the Court on the *pro se* Petition filed by Keith Zon Doolin ("Doolin") requesting an order directing the California Supreme Court to decide his pending direct appeal. The Petition originally was submitted to the Ninth Circuit Court of Appeals on June 12, 2006 and thereafter returned to Doolin for filing in this Court. In his Petition, Doolin complains that the briefing on his direct appeal has been complete since April 11, 2005, and that despite five letters and/or motions submitted to the state high court, the matter still remains pending.

By consulting the Supreme Court docket for *People v. Doolin*, Case Number S054489, this Court has confirmed that a judgment of death was entered by the Fresno Superior Court on June 18, 1996, appellate counsel, Robert Derham, was appointed to represent Doolin on December

on December 12, 2000, Doolin's opening brief was filed November 14, 2003, the state record was filed with the Supreme Court on February 20, 2004, the Respondent's brief was filed on October 6, 2004, Doolin's reply brief was filed on April 12, 2005, and Doolin's state habeas petition was filed in related Case Number S137884 on October 11, 2005.

The relief sought in Doolin's present Petition cannot be granted because this Court is without authority to direct the California Supreme Court to rule on his direct appeal. Although Doolin's Petition is fashioned as a request for this Court to intervene in the direct appeal proceedings and prod the California Supreme Court into action, the underlying issue of his case is the constitutionality of his conviction for capital murder and the sentence that he should suffer the death penalty.[1] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Neither the constitutionality of his conviction nor the constitutionality of his sentence, however, have been exhausted as required under Title 28 of the United States Code ("U.S.C.") § 2254(b)(1)(A. The applicable language of 28 U.S.C. § 2254(b)(1)(A) is as follows: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that - the applicant has exhausted

---

[1] Doolin strenuously argues that he is innocent of the charges for which he was convicted and claims that misconduct on the part of the prosecution, the trial court, and even his own appointed counsel are to blame for his being on death row.

the remedies available in the courts of the State." In addition, subdivision (c) of 28 U.S.C. § 2254 provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise by any available procedure the question presented." There is nothing before this Court suggesting that the California Supreme Court cannot provide an effective process to address the merits of Doolin's conviction and death sentence, notwithstanding the complained of delay.

> When, as in the present case, the appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.

*Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). The prayer for relief advanced by Doolin together with the current pending status of his direct appeal in the California Supreme Court make his case indistinguishable from *Sherwood*.

The Court has examined the exception to the holding in *Sherwood*, as announced in *Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1990) and finds Doolin does not fall within the exception. In that case, the petitioner, Coe, filed a petition for habeas corpus in federal district court alleging two claims: a due process violation for inordinate delay in the processing of his direct appeal in state court; and ineffective assistance of appellate counsel. *Id.* at 529-30. The state argued the holding in *Sherwood* was binding and that Coe's federal petition was subject to dismissal. *Id.* at 530. The Ninth Circuit rejected this approach and held "That since excessive delay in obtaining an appeal may constitute a due process violation,

a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so." Id. at 530-31. The appellate court then undertook to address the merits and determine whether the delay presented was so inordinate that it violated Coe's due process rights. After considering controlling authority and the four relevant factors,[2] the court found a due process violation. Id. at 531-32. For the sake of comparison with Doolin's case, it must be noted that in Coe, the delay in processing the appeal was less than four years, the reason for the delay resulted from the state's failure to monitor the "dilatory court reporter" so the transcript could be certified, Coe consistently asserted his right to expedite his appeal, and the delay resulted in prejudice because were his conviction overturned, the passage of time would make retrial difficult. Id. at 531-32. Coe, however, involved once count of conspiracy and nine counts of burglary with a ten-year prison sentence. In contrast, Doolin was convicted of first degree capital murder and sentenced to death. Capital trials are by nature lengthy and quite involved, if not complex, particularly where the defendant's mental state is at issue and/or where there are multiple victims. There also are numerous administrative issues attendant upon direct appeals of California death penalty cases, including that fact that 652 inmates are on death row. Of those 652 inmates, 51 inmates were tried and convicted in counties within the Fresno Division of the Eastern District of California.[3] Information available from the California

---

[2] The four factors are: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice. Coe, 922 F.2d at 531-32.

[3] Those counties include Calaveras, Fresno, Inyo, Kern, King, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolumne.

Supreme Court public records for these 51 inmates shows that the amount of time it takes to schedule an oral argument following full briefing ranges from 10 months to 80 months.[4] Doolin's case is well within this range. Thus, he has failed to establish that his case has been inordinately delayed.

In light of the foregoing, Doolin's Petition IS DISMISSED. Once Doolin completes his direct appeal before the California Supreme Court and pursues state post-conviction relief, any subsequent federal petition for habeas corpus relief may be filed in this Court according to applicable federal law. Such petition will not, however, be subject to the provisions of 28 U.S.C. § 2244(b), as it will not be considered a "second or successive" petition within the meaning of the statute. See *Slack v. v. McDaniel*, 529 U.S. 473, 487 (2000); *Anthony v. Cambra*, 236 F.3d 568, 572 (9th Cir. 2000).

IT IS SO ORDERED.

Dated: 7-5-06

Anthony W. Ishii
United States District Judge

---

[4] The 80 month lapse of time was unusual. The average length of time between completion of briefing and oral argument is approximately 14 to 15 months

ODismisPet.Doo.wpd                    5