FILED

NOV 0 7 2007

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Keith Zon Doolin, )          Case No. 1:06-cv-00825 AWI
                    Petitioner, )
                              )    DEATH PENALTY CASE
        vs.                   )
                              )    ORDER DENYING PETITIONER'S REQUEST
ROBERT L. AYERS, JR., as Warden )  FOR FEDERAL COURT TO INTERVENTION
of San Quentin State Prison,  )    IN PENDING STATE PROCEEDINGS
                              )
                    Respondent. )

This matter is before the Court on three pro se pleadings filed by Keith Zon Doolin ("Doolin") requesting this Court to intervene in his pending state court appeal, Case No. S054489.[1] He reports that on June 11, 2007, he filed in the California Supreme Court a *Marsden* (*People v. Marsden*, 2 Cal. 3d 118 (1970)) motion to remove his appointed attorney, Robert Derham and replace him with a new court appointed counsel. He demanded a ruling within 30 days. As part of this motion he further demanded an actual innocence hearing to include completion of DNA testing pertinent to Count 4 of his state indictment.[2] He demanded the DNA testing to be completed within "a few weeks" of the filing.

Concurrently with the *Marsden* motion and his demand for an actual innocence hearing, Doolin reports he filed two other motions in the California Supreme Court. The first was a motion to require the presiding judge to rule on the *Marsden* motion, and the second was a motion to require the California Supreme Court to read his pro se pleadings. The Court has reviewed the docket of the

[1] Doolin does not mention his pending state court habeas petition, Case Number S137884.

[2] The Court is not privy to the contents of Doolin's state indictment nor of the details of the charges filed against him prior to his capital conviction and sentence.

ORePendingStateMarsdenMo.Doo.wpd                    1

1    California Supreme Court for Doolin's pending cases[3] and notes that none of the aforementioned
2    motions were filed or acknowledged. There is a request for judicial notice filed in Doolin's direct appeal
3    case on October 15, 2007, but neither the contents of the request nor the identity of the filing party is
4    disclosed on the docket.

5         The specific relief requested herein is an order acknowledging and ruling that this Court has
6    jurisdiction over Doolin's case. He wants this Court either to rule on (and grant) the *Marsden* motion
7    itself, or to direct the California Supreme to do so.

8         Doolin presented a prior pleading in this Court seeking federal court intervention in state court
9    proceedings on June 26, 2006, specifically to direct the California Supreme Court to *decide* the direct
10   appeal. The Court explained in its July 5, 2006 order it was "without authority to direct the California
11   Supreme Court to rule on his direct appeal." Reasoning that underlying Doolin's request was a
12   challenge to the constitutionality of his conviction and sentence, the Court found the proper remedy was
13   habeas corpus, citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

14        The Court further relied on *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983), which held
15   that when an appeal of a state conviction is pending, a "would-be habeas corpus petitioner must await
16   the outcome of his appeal before his state remedies are exhausted." *See* 28 U.S.C. § 2254(b)(1)(A). An
17   exception to this mandate announced in *Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1990), also was
18   examined in the July 5, 2006 order. In *Coe*, the court refused to apply the holding in *Sherwood* because
19   of the inordinate delay in processing the petitioner's direct appeal. *Id*. at 530-32.

20        Referring to statistics involving the processing of other direct appeals in capital cases, the Court
21   found that the then ten-year delay between Doolin's judgment (June 18, 1996), and his request for
22   federal court intervention did not constitute inordinate delay as the Ninth Circuit found in *Coe*. The
23   Court is mindful that the passage of time ultimately may render this distinction from *Coe* meaningless.
24   The Court also is mindful of the emergence of Eighth Amendment claims regarding delay in
25   implementing death sentences. *See Lackey v. Texas*, 514 U.S. 1045 (1995) (Stevens, J., respecting
26   denial of certiorari) *discussed in Allen v. Ornoski*, 435 F.3d 946, 955-57 (9th Cir. 2006). For now, the

27

28
          [3] The docket is available on the Supreme Court's website.

1    Court is satisfied that the delay Doolin is experiencing in the California Supreme Court is not inordinate

2    under *Coe* and that he cannot successfully prosecute a *Lackey* claim.

3        In any event, the present relief requested does not require this Court to supplant the function of

4    the California Supreme Court in determining the merits of the constitutionality of Doolin's conviction

5    and sentence. Rather, Doolin is only petitioning this Court for an order directing the California court

6    to rule on his *Marsden* motion (or for this Court to rule on his *Marsden* motion). This relief cannot be

7    granted. The Court cannot rule on a *Marsden* motion pending in another jurisdiction with respect to a

8    lawyer who is not appearing in this Court. Nor is there authority for the Court to direct the California

9    Supreme Court to rule on a motion that is not even on its docket.[4] There may come a time, however,

10    when principles of comity will have to give way to vindicating Doolin's due process right to his direct

11    appeal in state court.

12        In light of the foregoing, Doolin's requests for federal court intervention in state court

13    proceedings ARE DENIED. The Court is well aware of the crushing docket faced by the California

14    Supreme Court and the tremendous backlog of capital cases. Nonetheless, the fact that Doolin's

15    appellate arguments and habeas claims are fully briefed indicates oral argument and a decision are in the

16    works. Once Doolin completes his direct appeal and pursues state post-conviction proceedings, if

17    California Supreme Court renders an adverse ruling, he may return to this Court on federal habeas.

18    When Doolin does return to federal court, his petition will not be considered a "second or successive"

19    petition under 28 U.S.C. § 2244(b).

20        The Clerk is directed to serve this Order on the California Supreme Court in Case Number

21    S054489.

22        IT IS SO ORDERED.

23

24    Dated: _____ *11-7-07*

Anthony W. Ishii
United States District Judge

25

26

27        [4] While it is understandable the California Supreme Court would not file a pro se motion directed
to the merits of an applicant's direct appeal when the applicant is represented, this Court remains
28    concerned that the state court would not file or at least recognize Doolin's *Marsden* motion, which goes
to the very heart of his legal representation.

ORePendingStateMarsdenMo.Doo.wpd       3